UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HARCO AMERICAS, INC. | § | Case No. 14-662 |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | JURY DEMAND |
| | § | |
| INSTACOAT PREMIUM | § | |
| PRODUCTS, LLC | § | |
| | § | |
| **Defendant** | § | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND REQUEST FOR PRELIMINARY INJUNCTION

COMES NOW, Harco Americas, Inc. ("***Plaintiff***") and complains of Instacoat Premium

Products, LLC ("***Defendant***") and hereby respectfully states as follows:

### I.
### PRELIMINARY STATEMENT

Plaintiff manufactures and sells a line of products called WetSuit® which are uniquely

designed coating spray application systems that, among other things, weatherproof and waterproof

roofs. Plaintiff has spent considerable time, money, and resources advertising and promoting its

WetSuit® product line and in so doing produced several lengthy promotional videos which, among

other things, demonstrated the application of, and uses for, its WetSuit® products.

Presumably to save money, confuse customers, and steal and damage Plaintiff's business,

Defendant copied significant amounts of Plaintiff's copyrighted commercial videos to brazenly

advertise its own product named "Instacoat."  The willful misappropriation and reproduction is

unquestionable as Defendant incorporated entire segments from Plaintiff's copyrighted videos into

Defendant's competing videos. Defendant has undoubtedly profited from this copyright

**COMPLAINT FOR COPYRIGHT INFRINGMENT – PAGE 1**

infringement and has damaged Plaintiff's business and is liable to Plaintiff for not only all damages

sustained by Plaintiff but also all profits garnered by Defendant.

## II.
## JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunctive relief for copyright

infringement under the copyright laws of the United States (17 U.S.C. § 101 *et. seq.*).

2.      This Court has subject matter jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C.

§ 1331 (federal question jurisdiction); and 28 U.S.C. § 1338(a) (jurisdiction over copyright

actions).

3.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b), and 28 U.S.C. §

1400(b).

4.      Personal jurisdiction over the defendant comports with the United States

Constitution because the Defendant is committing, inducing and/or contributing to the acts of

infringement complained of herein in this district.

## III.
## PARTIES

5.      Plaintiff is a corporation duly organized and existing under the laws of the State of

Nevada, with its principal place of business in the State of Nevada.

6.      Upon information and belief, Defendant is a limited liability company organized

under the laws of the State of Michigan having its principal office at 44648 Mound Road, Suite

104, Sterling Heights, Michigan 48314. Defendant may be served with process by serving its

registered agent Anthony M. Miriani, 4791 Nelson Lane, Oscoda, Michigan 48750.

## IV.
## FACTUAL BACKGROUND

7.      In 2013, Plaintiff acquired all the assets of Neptune Coatings Corporation ("***Neptune***") including but not limited to its intellectual property.

8.      Since that time, Plaintiff has continued to operate Neptune utilizing all of its intellectual property and good will.

9.      Neptune specializes in providing sustainable, energy efficient, and environmental products for exterior building envelope waterproofing and cool roofing.

10.     Neptune manufactures and sells a line of products called the WetSuit® System for roofing, waterproofing and air/vapor barrier applications.

11.     The WetSuit® System is a fully self-adhered, cold-spray applied, self-flashing membrane with a wide variety of uses for virtually all above and below grade applications.

12.     Due to its instant set time, WetSuit® can be sprayed to any level of thickness in a single pass thus creating a truly custom and precise membrane allowing unparalleled architectural freedom and ease of application.

13.     Because WetSuit® is so lightweight and with excellent adhesion to most roof surfaces, the need to tear off existing roofs is most often eliminated, greatly reducing installation costs and environmental impact.

14.     Additionally, surface preparation is generally limited to pressure washing the old roof to provide a clean surface for WetSuit® to adhere to.

15.     Utilizing only three applicators, WetSuit® can be installed at a fast and efficient rate of 1500 sq. ft. per hour, reducing crew size and job time.

16.     WetSuit® is also Class A self-extinguishing fire rated.

17.     Further, FM testing has proven that WetSuit® is in a class of its own.

**COMPLAINT FOR COPYRIGHT INFRINGMENT – PAGE 3**

18.     In contrast to other coating manufacturers, Neptune not only has the unique background in the design and manufacturing of coating spray application systems, but also services all of their proprietary WetSuit® application systems.

19.     This unique expertise, coupled with the chemistry of its products distinguishes Neptune from its competitors and allows it to provide quality products with reliability to all of its clients.

20.     Neptune spent, at least, twelve (12) years evaluating, and testing its WetSuit® product and application system.

21.     To demonstrate and promote its WetSuit® product and system, Neptune spent considerable resources, to produce and create lengthy informational videos for potential customers, including a video entitled "WET SUIT Neptune Coatings" (the "***WetSuit® Video***").

22.     This video was created in 2010 by an employee of Neptune in the course of his employment and published worldwide on Nov. 18, 2010 on YouTube. The URL for the WetSuit® Video is https://www.youtube.com/watch?v=uzCKIcK_Ht4.

23.     Almost three (3) years later, on June 19, 2013, Defendant published its own video for its competing product known as "Instacoat" (the "***Infringing Video***").   The URL for the Infringing Video is    http://www.youtube.com/watch?v=LQsL2kfPoSM&feature=youtu.be.

24.     Within the Infringing Video, Defendant outright copied significant portions of the WetSuit® Video and passed off the WetSuit® product, system, and results as that of its own.

25.     A simple comparison of just a few segments of the Infringing Video demonstrate the brazenness of Defendant's actions.  For example, starting at 8:04 in the Infringing Video *and continuing on for several minutes*, Defendant utilizes the exact same footage as that in the WetSuit® Video at 1:34.

**COMPLAINT FOR COPYRIGHT INFRINGMENT – PAGE 4**

26.    In fact, the Infringing Video shows the exact same application of the WetSuit® product on the exact same commercial roof.

27.    Thus, not only has Defendant wholly copied the WetSuit® Video, Defendant is misrepresenting the WetSuit® product in its video as Instacoat.

28.    Worse, Defendant's efforts were astoundingly lazy as they merely covered up the WetSuit® logos from the WetSuit® Video and played music over Plaintiff's narration.

29.    Defendant amazingly even incorporated those portions of the WetSuit® Video taken at Neptune's then corporate headquarters and even included footage of Neptune's own employees.

30.    Plaintiff has properly registered and owns or controls the copyrights and/or exclusive rights under copyright to the WetSuit® Video. A copy of the valid Registration Certificate issued by the Register of Copyrights for the WetSuit® Video is attached hereto as Exhibit A.

31.    The willful misappropriation and illegal reproduction is unquestionable and has caused significant damage to Plaintiff.

32.    Plaintiff has lost, and, upon information and belief, continues to lose potential customers, and therefore, potential revenue, to Defendant, due in part or in whole to Defendant's copying of the WetSuit® Video.

## V.
## COUNT I
## DIRECT INFRINGEMENT OF COPYRIGHTS

33.    Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

**COMPLAINT FOR COPYRIGHT INFRINGMENT – PAGE 5**

34.     Without authorization from Plaintiff, or right under law, Defendant has directly infringed, and continues to directly infringe Plaintiff's copyrighted WetSuit® Video, by, among other things, reproducing, distributing and making available for the general public on the internet significant portions of those works and using them to advertise Defendant's product, in direct violation of the Copyright Act, 17 U.S.C. § 106.

35.     Defendant is directly liable for these acts of infringement under the Copyright Act. The Infringing Video was, upon information and belief, created by or at the direction of the Defendant, is in the custody and control of the Defendant, and resides on servers controlled by the Defendant.

36.     The foregoing acts of infringement have been willful and intentional, and in disregard of and with indifference to the rights of Plaintiff.

37.     As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to damages as well as Defendant's profits pursuant to 17 U.S.C. §544(b).

## COUNT II
## REQUEST FOR PRELIMINARY INJUNCTION

38.      Plaintiff seeks to enjoin Defendant and its agents and representatives from reproducing, distributing and making available for the general public on the internet the Infringing Video during this suit because this activity infringes Plaintiff's copyrighted WetSuit® Video.

39.     There is a substantial likelihood that Plaintiff will prevail on the merits because, as noted above, the Infringing Video blatantly copies significant portions of the WetSuit® Video and passes off the WetSuit® product, system and results as that of Instacoat.

40.     Plaintiff has no adequate remedy at law as the conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot fully be compensated or measured in money.

41.      Defendant will not suffer undue hardship or loss as a result of the issuance of a preliminary injunction nor will issuance of a preliminary injunction adversely affect the public interest.

42.     Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights, and ordering Defendant to destroy all copies of Plaintiff's copyrighted works made in violation of Plaintiff's exclusive rights.

43.     Plaintiff asks the Court to set this request for preliminary injunction for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.     For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the WetSuit® Video and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff) ("Plaintiff's Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

**COMPLAINT FOR COPYRIGHT INFRINGEMENT – PAGE 7**

B.      For all damages, including all statutory damages for each infringement pursuant to 17 U.S.C. §504, to which Plaintiff may be entitled, as well as Defendant's profits, in such amounts as may be found.

C.      For Plaintiff's costs and disbursements in this action.

D.      For prejudgment and post judgment interest as authorized by law.

E.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

In accordance with Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues so triable.

Dated: October 17, 2014                    Respectfully submitted,

                                           **VANACOUR SCHULER ZARIN PLLC**


                                           /s/ Elliot D. Schuler
                                           Elliot D. Schuler
                                           State Bar No. 24033046
                                           Jason S. Vanacour
                                           State Bar No. 24073250
                                           Kevin P. Perkins
                                           State Bar No. 24053420
                                           14675 Midway Road, Ste. 100
                                           Addison, Texas 75001
                                           Phone: (972) 646-3999
                                           Fax: (972) 692-0509

                                           **ATTORNEYS FOR PLAINTIFF**